**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

FILED
Feb 19 2013, 9:19 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| OLIE MCNEAL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1207-CR-364 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Teresa A. Hall, Commissioner
Cause No. 49G16-1205-CM-31203

February 19, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Olie McNeal appeals his conviction for class A misdemeanor battery. The sole issue presented for our review is whether the State presented sufficient evidence to support his conviction. Finding the evidence sufficient, we affirm.

**Facts and Procedural History**

The facts most favorable to the conviction indicate that prior to May 3, 2012, McNeal and Kimberly Snowden dated and lived together for a few weeks. In the days prior to May 3, 2012, McNeal and Snowden had a fight. Snowden and her friend, Melissa, went to McNeal's apartment on May 3, 2012, to talk about the fight. While Snowden was at McNeal's apartment, McNeal asked Snowden for money. When Snowden refused the request, McNeal became angry. McNeal put Melissa in a headlock. This made Snowden mad and she told McNeal to take his hands off her friend. Snowden walked up to McNeal and was "leaning against" him. Tr. at 19. McNeal then punched Snowden "pretty hard" in the neck. *Id*. at 19-20. Snowden felt like she was going to "pass out" as a result of the blow. *Id*. at 20. McNeal also pushed Snowden in the back and caused her to fall forward.

Snowden called 911. Indianapolis Metropolitan Police Officer Joel Reierson responded to the scene. When he arrived, Officer Reierson noticed that Snowden was visibly upset and he observed red marks on the right side of her neck. McNeal had fled the scene. On May 15, 2012, the State charged McNeal with class A misdemeanor battery. Following a bench trial held on June 21, 2012, the trial court found McNeal guilty as charged. This appeal followed.

## Discussion and Decision

McNeal challenges the sufficiency of the evidence to support his conviction. When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the conviction. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We neither reweigh the evidence nor assess witness credibility. *Id*. We consider conflicting evidence most favorably to the judgment and will affirm the conviction unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

To convict McNeal of class A misdemeanor battery, the State was required to prove that he knowingly or intentionally touched Snowden in a rude, insolent, or angry manner that resulted in bodily injury to Snowden. *See* Ind. Code § 35-42-2-1. Here, Snowden testified that McNeal punched her in the neck. Her neck turned red and the blow made her feel like she was going to pass out. Snowden testified that she developed a bruise on her neck a few hours later.

McNeal concedes that the uncorroborated testimony of the victim is enough to sustain his conviction. *See Gregory v. State*, 885 N.E.2d 697, 704 (Ind. Ct. App. 2008), *trans. denied* (2009). He further concedes that this Court may not reweigh the evidence. Nevertheless, McNeal invokes the "incredible dubiosity rule" and argues that we may impinge upon the factfinder's responsibility to judge the credibility of witnesses when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony. *Manuel v. State*, 971 N.E.2d 1262, 1271 (Ind. Ct. App. 2012).

3

Application of the incredible dubiosity is rare, and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. *Id.* The rule applies only when a witness contradicts herself in a single statement or while testifying, and does not apply to conflicts between multiple statements. *Id.*

McNeal makes no assertion that Snowden's testimony was coerced, equivocal, or contradictory. McNeal boldly maintains that Snowden was obviously a disgruntled ex-girlfriend and her testimony was therefore inherently improbable. We disagree with McNeal that Snowden's testimony was so inherently improbable that no reasonable person could believe it. The trial court had an opportunity to hear Snowden's testimony and to determine her credibility, and McNeal has directed us to no legitimate reason to impinge on the province of the factfinder and reassess that credibility. Moreover, we note that Officer Reierson corroborated Snowden's testimony when he testified that, upon his arrival at the scene, he observed that Snowden was visibly upset with red marks on the right side of her neck. The State presented sufficient evidence to sustain McNeal's battery conviction.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.